UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NIGHT BOX FILED

2009 MAY 11 PM 4: 41

US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FL

Joe Pabon,
    Plaintiff

Case Number: _____
EEOC Case NO. 15D200800124
DOAH NO. 08-2622
FCHR NO. 2008-00070
FCHR Order No. 08-081

VS.

5:09-CV-210-OC-10-GRJ

Carlton Arms of Ocala
    Defendant

## COMPLAINT

COMES NOW, Joe Pabon Prose, the (Plaintiff) with all due respect to this Court and a notice received from U.S. Equal Employment Opportunity Commission (EEOC) stating DISMISSAL AND NOTICE OF RIGHTS and according to Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA): Plaintiff belief, all of the above Agencies **HAVE FAILED** to see his charges; documents, discovery and the most important his testimony. Notwithstanding the Statue set forth, and with all due respect of Hearing Officer Judge T. Kent Wetherell, II on August 5, 2008, "recommendation under his Conclusions of Law #39. Anti-discrimination laws such as the FCRA and Title VII do not give the courts, the Commission, or the undersigned the authority to sit as a kind of "super-personnel department" and second-guess an employer's business decisions. See Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991). These laws are not concerned with whether an employment decision is prudent or fair, but only with whether it was motivated by unlawful animus. Id. See also Ptasznik v St. Joseph Hosp., 464 F3.d 691, 697 (7th Cir. 2006) (**"Federal courts have authority to correct an adverse employment action only where the employers' decision is unlawful, and not merely when the adverse action is unwise or even unfair. 'We do not sit as a super-personnel department with authority to review an employer's business decision as to whether someone should be fired or disciplined because of a work-rule violation.,"**); Damon v Fleming Supermarkets, Inc., 196 F.3d 1354, 1361 (11th Cir. 1999) ("we are not in the business of adjudging whether employment decisions are prudent or fair. Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision."), " these Agencies are

solely meant only for the Companies or Privately Owned Businesses or Corporation as in this case; Carlton Arms of Ocala the (Defendant).

## Facts

Plaintiff worked for the Defendants six years of which the following occurred: a) Salary increases stopped from July 23, 2004 - July 23, 2007 with no explanations as to why nor documented. b) One write-up dated May 17, 2007 whereas Plaintiff refused to sign due to Defendant stating Plaintiff did not belong in the apartments, whereas he was a Maintenance Technician and had to pass a background check in order to have entrance. c) Defendant on daily bases was harassing Plaintiff from 2004-2007 and questioning why and what are the reasons being in the apartments. d) Prior to Plaintiff termination of September 28, 2007, Defendant had fired three individuals Julio Ruiz, Joey Rodriquez and Izzie Huseim all (Hispanics). e) Jason Head (white), sabotaging property, wasting time in the wooded area on various occasions caught by the Defendant, James Stroupe (white) setting off explosive and finally, William Hutchson (white) DUI, license stripped yet Defendant bailed him out during working hours and accommodated him with a golf cart, all still presently working for the Defendant. f) Plaintiff was treated differently and isolated from the rest and the final incident took place on September 28, 2007 Defendant terminated him for leaving the property on his break time to fuel up his personal vehicle for company's usage.

### PLAINTIFF REQUESTS COURTS MOTION FOR ACTION TO TRANSFER

WHEREFORE, Plaintiff prays for "Injunctive Relief Sought" as follows: requests to have this case review by the Equal Employment Opportunity Commission, (EEOC) whereas he has substantial weight of evidence and new evidence that was NOT considered by the State of Florida Division of Administrative Hearings (DOAH). Plaintiff is NOT satisfy with DOAH determination of different or other standards they use than of Federal courts standards of Statues: discrimination, wages, harassment, sexual harassment, terms/condition and wrongful discharge or bottom line Defendants UNLAWFUL PRACTICE. Attached are the official documents received and recorded by the Florida Commission on Human Relations and Division of Administrative Hearing, (DOAH). That this Court will take jurisdiction and action of this cause and the Defendants HERETO: not allow to adopt to "TOTO" to a final order dismissing Plaintiff for relief from an unlawful employment practice occurred on September 28, 2007 and to charge the Defendants for UNLAWFUL PRACTICE.

_____
10435 SW 49th Avenue
Ocala, Florida 34476
(352) 861-2854

CERTIFICATE OF SERVICE
To the contrary and notwithstanding this statute, Plaintiff hereby certify that a true and correct copy of the foregoing has been mail via to Carlton Arms of Ocala c/o John P. McAdams, Esq., Carlton *Fields*, P.A. 4221 West Boy Scout Blvd., Suite 1000, Tampa, Florida 33607 and via faxed (850) 488-5291 Violet Crawford, Clerk Commission on Human Relations 2009 Apalachee Parkway, Suite 200, Tallahassee, Florida 32301 on this day of December 22, 2008.